FILED'08 OCT 02 16:35 USDC-LAE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYNELL O. STONE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-3859** |
| **STATE FARM MUTUAL AUTOMOBILE INS. CO.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

The motion to remand (Doc. #4) by plaintiff Raynell O. Stone is **GRANTED.**

### BACKGROUND

Plaintiff alleges that on June 20, 2006, she was injured in an automobile collision after another driver disregarded a traffic light. She sustained personal injuries and her vehicle was destroyed. The other driver was underinsured . Plaintiff filed a claim under her uninsured motorist coverage issued to her by defendant, State Farm Mutual Automobile Insurance Company.

Defendant removed the matter to this court, claiming that diversity of citizenship and the jurisdictional amount are established from the face of the underlying petition. Specifically, defendant claims that it is facially apparent from plaintiff's description of her injuries in the underlying petition that the amount in controversy exceeds $75,000.

Plaintiff claims that defendant has failed in its burden of proving the requisite amount in

controversy to satisfy diversity jurisdiction. Plaintiff argues that prior to suit, State Farm tendered a settlement of $1,500.00, and stated in a letter to plaintiff that the amount was a "fair and equitable evaluation of the insured's claim for damages."

## ANALYSIS

### 1. Legal Standard

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[1]

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.[2] Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction.[3]

In Louisiana state courts, plaintiffs are not ordinarily allowed to plead a specific amount of money damages. The Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[4] A defendant

---

[1] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[2] *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[3] *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

[4] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999).

2

satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by setting forth the facts in dispute support a finding that the jurisdictional amount is satisfied.[5]

If the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal.[6] If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000.[7]

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy.[8] The defendant must do more than point to a state law that *might* allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[9]

The facts supporting diversity jurisdiction must exist as of the date of removal.[10] Post-removal affidavits or other evidence may be considered only insofar as they shed light upon the

---

[5]*Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[6]*Allen*, 63 F.3d at 1336.

[7]*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied, Torreblanca de Aguilar v. Boeing Co.*, 516 U.S. 865 (1995).

[8]*Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

[9]*See De Aguilar*, 47 F.3d at 1412 (emphasis in original).

[10]*Simon*, 193 F.3d at 850.

amount in controversy at the time of removal.[11]   The amount of a settlement offer is "valuable evidence to indicate the amount in controversy at the time of removal."[12]

## 2. Motion to Remand

Plaintiff's petition does not specify an amount of damages.  Defendant alleges that although plaintiff's petition does not specify an amount of damages, the description of injuries in the petition and plaintiff's claim for penalties and attorney's fee establish that the amount in controversy exceeds $75,000.

Plaintiff alleges in her petition that the automobile collision damaged her vehicle, and caused injuries to the fingernails of her left hand, glass cuts to her hands and forearms and unidentified residual difficulties, scarring, generalized bodily sprains, strains and contusions.[13]  The court has determined that it is not facially apparent from the petition that plaintiff's injuries have caused damages which exceed the jurisdictional amount.[14]  Moreover, plaintiff's claim for attorney's fees and penalties will not be considered as to whether the jurisdictional amount has been established.[15]

Because it is not facially apparent that a jurisdictional amount in controversy has been established, the court may consider other evidence "only insofar as they shed light upon the amount

---

[11]*Allen*, 63 F.3d at 1336.

[12]*Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995).  *See also, Gertrude Gardner, Inc. v. State Farm Automobile Ins. Co.*, 2003 WL 1873863 (E.D. La. 2003); *Lonon v. Prieto*, 2000 WL 913808 (E.D. La. 2000); *Edwards v. Fred's, Inc.*, 2005 WL 2106156 (W.D. La.  2005).

[13]*See* Petition for Damages Under Underinsured Automobile Insurance Policy, ¶¶ 4 and 8.

[14]The court notes that plaintiff does not allege that she was hospitalized or that she has a claim for lost wages.

[15]*See De Aguilar*, 47 F.3d at 142.

4

in controversy at the time of removal."[16] Defendant's letter to plaintiff before suit informed plaintiff that in defendant's opinion, $1,500.00 was a "fair and equitable evaluation of the insured's claim for damages." The court finds the letter to be "valuable evidence" which is relevant in indicating that the amount in controversy is less than $ 75,000.

Because the defendant has not established that the amount in controversy exceeds $75,000, this court lacks subject matter jurisdiction.

The motion to remand is **GRANTED.**

New Orleans, Louisiana, this _2_ day of October, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[16]*See Allen,* 63 F.3d at 1336.